IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Comest Sabatino Allen, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 9:23-cv-0990-TMC |
| ) | |
| William Langdon, Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

Petitioner Comest Sabatino Allen ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Respondent William Langdon, Warden ("Respondent") filed a return to the petition (ECF No. 25) and a motion for summary judgment (ECF No. 26). Petitioner filed a response in opposition to summary judgment, (ECF No. 29), and Respondent filed a reply, (ECF No. 30). Now before the Court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 37), recommending that Respondent's motion for summary judgment (ECF No. 26) be granted and that the petition for relief under § 2254 (ECF No. 1) be dismissed.

### I. Summary of the Case and the Report

The Report sets forth the factual and procedural background in detail; the Court need not fully recount this background here. Briefly, Petitioner was convicted in state court by a jury on July 18, 2012 for assault and battery of a high and aggravated nature (ABHAN), failure to stop for a blue light, leaving the scene of an accident with property damages and driving under the influence. (ECF No. 1). Petitioner was sentenced to 220 months on the ABHAN count and lesser

concurrent terms on the other counts. (ECF No. 25-1 at 118). Appellate counsel filed an *Anders* brief on Petitioner's behalf; the South Carolina Court of Appeals dismissed it on July 3, 2013. *State v. Allen*, Op. No. 2013-UP-307 (S.C. Ct. App. July 3, 2013). Petitioner did not petition for rehearing.

Petitioner filed his first petition for state post-conviction relief ("PCR") on August 2, 2013. (ECF Nos. 25-4 at 1; 25-6 at 1). On September 26, 2014, having conducted an evidentiary hearing on the PCR claim during which Petitioner was represented by counsel, the state PCR judge denied relief and dismissed his PRC application. (ECF No. 25-6). PCR counsel did not file an appeal even though Petitioner appears to have sent PCR counsel a letter requesting that an appeal be filed. (ECF No. 25-7 at 6). The record contains a letter from PCR counsel dated January 13, 2015, acknowledging that Petitioner's letter was not brought to his attention until it was too late to file an appeal but advising that Petitioner might nonetheless be entitled to belatedly appeal the dismissal of his PCR application. *Id.*

On March 19, 2015, Petitioner filed a second PCR application in which he *did not* raise PCR counsel's failure to perfect an appeal as an issue. *See* (ECF No. 25-7). The second PCR petition was dismissed by a state judge on November 20, 2015, as untimely and impermissibly successive. (ECF Nos. 25-8 at 3–4; 25-9 at 3). Petitioner did not appeal the dismissal of his second PCR application. Then, approximately three years later, Petitioner filed a third PCR application, raising numerous issues including PCR Counsel's failure to appeal the dismissal of his first PCR application. (ECF No. 25-11). On March 3, 2021, a state judge dismissed this third PCR action as time-barred, impermissibly successive, and barred by the doctrine of *res judicata*. (ECF Nos. 25-12; 25-13; 25-14 at 6–13). In dismissing the third PCR application, the judge found that the failure

to appeal claim specifically was time-barred and impermissibly successive because the claim was available to Petitioner before he filed his second PCR application. (ECF No. 25-14 at 9–10).

On March 10, 2023, Petitioner filed the instant petition for federal habeas relief pursuant to § 2254, challenging the sufficiency of the evidence to support his conviction, counsel's failure to call a certain witness at trial, and the lack of notice of the charges because the indictment "has not been before a grand jury." (ECF No. 1 at 11). The magistrate judge concluded that Petitioner's § 2254 petition was untimely and recommended the Court grant Respondent's motion for summary judgment and dismiss the petition.

Section 2244(d)(1) establishes that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This provision states in pertinent part that the one-year statute of limitations begins to run at "the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review." *Id*. at § 2244(d)(1)(A). However, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. at § 2244(d)(2) (emphasis added). The one-year limitations period set forth in § 2244(d)(1) is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000).

The magistrate judge concluded that Petitioner did not timely file this § 2254 Petition within the one-year limitations period set forth in § 2244(d)(1)(A), reasoning, in pertinent part, as follows:

> Petitioner was convicted via jury trial on July 18, 2012. ECF No. 25-1. Petitioner timely appealed to the South Carolina Court of Appeals by way of an *Anders* brief. The Court of Appeals dismissed the appeal on July 3, 2013. ECF No. 25-3; *State v. Allen*, Op. No. 2013-UP-307 (S.C. Ct. App., filed July 3, 2013).

> Petitioner did not file a Petition for Rehearing, and thus his conviction and sentence became final 90 days after the South Carolina Court of Appeals dismissed the *Anders* appeal. *See Wright v. McFadden*, No. 5:14-cv-00282-TLW, 2014 WL 6666681, at *10 (D.S.C. Nov. 24, 2014) . . . . Accordingly, Petitioner's conviction became final on October 1, 2013, and the statute of limitations would have begun to run on the following day, October 2, 2013. . . .
>
> Petitioner filed his first PCR application on August 2, 2013. *See* ECF No. 25-4 at 1; ECF No. 25-6 at 1. Thus, no time had elapsed for purposes of the statute of limitations, as Petitioner still had time to pursue his direct appeal to the Supreme Court of the United States. Further, the statute of limitations was suspended on this date and continued to be tolled while Petitioner's state PCR action was pending in state court. The PCR Judge issued [his] Order of Dismissal on September 26, 2014. ECF No. 25-6. Petitioner had 30 days in which to file a notice of appeal, but he failed to do so. Thus, his statute of limitations began to run on October 27, 2014. Because no time had elapsed, Petitioner had his full year allotted under AEDPA—until October 27, 2015—to file his federal habeas petition. Petitioner filed this Petition March 10, 2023, nearly eight years too late. ECF No. 1.
>
> The Court notes that the second and third PCR actions—filed March 19, 2015, and September 7, 2018, respectively—did not toll the statute of limitations because both PCR actions were dismissed as time-barred and successive. *See, e.g., Lounds v. Williams*, No. 2:22-CV-3272- TMC, 2023 WL 5287158, at *4 (D.S.C. Aug. 17, 2023) (finding Petitioner's second and third PCR applications did not toll the statute of limitations because both were dismissed as time-barred and successive). Because it is "well settled that a PCR application deemed successive or untimely is not 'properly filed' for purposes of the AEDPA and does not toll the statute of limitations under § 2244(d)(2)," Petitioner's federal habeas petition is untimely. *See id*. (collecting cases).
>
> Consequently, because Petitioner filed outside the one-year statute of limitations, this action is untimely under 28 U.S.C. § 2244(d).

(ECF No. 37 at 13–15).

Next, even though Petitioner did not argue equitable tolling, the magistrate judge, construing Petitioner's response in opposition to Respondent's motion for summary judgment liberally, assessed equitable tolling and the potential effect of PCR counsel's letter acknowledging that Petitioner had written to ask that an appeal of the denial of the first PCR application be filed:

> To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace*, 544 U.S. at 418)); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (holding that, for equitable tolling to apply, a petitioner must show that there were "(1)

4

> extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time").
>
> Even construing Petitioner's Response liberally, Petitioner has failed to show extraordinary circumstances prevented him from timely filing. Notably, the letter from PCR Counsel was sent on January 13, 2015, which was two months before Petitioner filed his second PCR application. *See* ECF No. 29-1 at 4. Furthermore, the letter invited Petitioner to contact PCR Counsel if he had any questions. Petitioner did not pursue a belated appeal of his first PCR application via a claim in his second PCR application. *See* ECF No. 25-7. Thus, although Petitioner was likely entitled to a belated PCR appeal pursuant to *Austin v. State*, Petitioner did not pursue this right or otherwise preserve it in state court.
>
> In any event, even if the Court were to allow for equitable tolling during the pendency of the second PCR action, the federal habeas Petition is still well outside the one year statute of limitations, as the Second PCR Judge ultimately issued a Final Order of Dismissal on November 20, 2015, in which he dismissed the second PCR application with prejudice, and Petitioner did not file his federal habeas petition until March 10, 2023. *See* ECF No. 25-9 at 3; ECF No. 1.

*Id.* at 16–17 (footnotes omitted).

Based on the reasoning summarized above, the magistrate judge recommended the Court grant Respondent's Motion for Summary Judgment (ECF No. 26). and dismiss the petition.

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those

5

portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

### III. Discussion

Petitioner was advised of his right to file objections to the Report and of the possible consequences for failing to do so. (ECF No. 37 at 18). On June 4, 2024, the Report was mailed to Petitioner at the address he has provided the court. (ECF No. 38). The Report has not been returned to the court as undeliverable, and Petitioner has not notified the Court of a change in address. Therefore, Petitioner is presumed to have received the Report. The time for Petitioner to object to the Report expired some time ago and, to date, the Court has not received any document from Petitioner expressly objecting to the Report. However, within the time period for submitting objections, Plaintiff filed a document styled as "Response in Opposition to Petition for Bail," (ECF No. 39), which appears to relate to Petitioner's own Motion for Bail. (ECF No. 34).[1] Although the magistrate judge denied the Motion for Bail as moot, (ECF No. 37 at 17), the Court notes that the "Response" at ECF No. 39 addresses some of the grounds for collateral relief asserted in Petitioner's § 2254 petition. Therefore, the Court, applying a liberal construction as it is obliged to do in these circumstances, construes the "Response" at ECF No. 39 as Petitioner's objections to the Report and concludes that they are timely.[2]

The lion's share of Petitioner's objections consists of a retelling of the merits of his grounds for seeking collateral relief in this action. (ECF No. 39 at 1–4). To the extent this document can be construed to address the dispositive portions of the Report, Petitioner argues the limitations period should be tolled based on ineffective assistance of PCR counsel—in particular, PCR

---

[1] Petitioner filed a Motion for Bail on April 2, 2024, (ECF No. 34), which Respondent opposed (ECF No. 35). The "Response in Opposition to Petition for Bail," (ECF No. 39), in the Court's best estimate, was intended by Petitioner to be a Reply to Respondent's opposition to the Motion for Mail. In light of the recommendation in the Report that the Court dismiss the habeas petition, the magistrate judge denied the Motion for Bail (ECF No. 34) as moot (ECF No. 37 at 17).

[2] Petitioner delivered this document to the prison mailroom on June 20, 2024, as noted on the envelope. (ECF No. 39-2 at 2).

counsel's failure to file an appeal of the denial of his first PCR application. *See id*. at 5. As explained by the magistrate judge, however, Petitioner's second PCR application did not raise as an issue PCR counsel's failure to appeal the denial of his first PCR action. The Court agrees with the magistrate judge that "even if the Court were to allow for equitable tolling during the pendency of the second PCR action, the federal habeas Petition is still well outside the one year statute of limitations, as the Second PCR Judge ultimately issued a Final Order of Dismissal on November 20, 2015, in which he dismissed the second PCR application with prejudice, and Petitioner did not file his federal habeas petition until March 10, 2023." (ECF No. 37 at 17).

Out of an abundance of caution, the Court has carefully reviewed Plaintiff's objections using a *de novo* standard. *See Elijah*, 66 F.4th at 461. Having thoroughly reviewed the detailed and thorough Report, the Court finds no reason to deviate from the recommendations of the magistrate judge.

### IV. Conclusion

Accordingly, the Court **ADOPTS** the Report (ECF No. 37), which is incorporated herein by reference. The Court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 26) and **DISMISSES** the petition for relief under § 2254 (ECF No. 1) **with prejudice**.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a

constitutional right."  Accordingly, the court declines to issue a certificate of appealability as to the issues that were ruled upon in this Order.

    **IT IS SO ORDERED.**

                                                      s/Timothy M. Cain
                                                     United States District Judge

Anderson, South Carolina
September 12, 2024